
FILED
DEC 0 3 2013
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CHARLOTTE GREEN,<br><br>Plaintiff,<br><br>vs.<br><br>EAGLE BANK; FANNIE MAE AS TRUSTEE FOR SECURITIZED TRUST FANNIE MAE GUARANTEED REMIC PASS-THROUGH CERTIFICATES FANNIE MAE REMIC TRUST 2010-3; UNKNOWN SPONSOR; UNKNOWN DEPOSITOR; SUNTRUST MORTGAGE, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, a.k.a. "MERS"; and DOES 1 through 100,<br><br>Defendants. | CV 13-159-M-DWM-JCL<br><br>ORDER |

  Plaintiff Charlotte Green, appearing pro se, commenced this action alleging Defendants violated both federal and state law in relation to the execution of a real estate loan and deed of trust pertaining to her residence at 402 3rd Ave. E., Polson, Montana ("the Residence"). She also challenges Defendants' conduct in proceeding with a April 2013 foreclosure sale of the Residence. The matter is before the Court on the following motions filed by various defendants: (1)

1

Defendant Suntrust Mortgage, Inc's ("Suntrust") motion to dismiss; (2) Defendant Mortgage Electronic Registration Systems, Inc.'s ("MERS") renewed motion to dismiss; and (3) Defendant Fannie Mae as Trustee for Securitized Trust Fannie Mae Guaranteed REMIC Pass-through Certificates Fannie Mae REMIC Trust 2010-3's ("Fannie Mae") renewed motion to dismiss. Magistrate Judge Jeremiah Lynch entered Findings and Recommendations on November 7, 2013, granting Suntrust's motion for judicial notice and recommending that Defendants' motions to dismiss be granted. (Doc. 58.) Because the parties are familiar with the factual and procedural background, it will not be restated here.

Green has not filed objections to Judge Lynch's Findings and Recommendation. The Court reviews the findings and recommendations that are not specifically objected to for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Defendants Suntrust, MERS, and Fannie Mae move to dismiss Green's Second Amended Complaint on the ground that Green's allegations do not sufficiently state a claim for relief under the 10 causes of action identified in her pleading.

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Id.* at 663. The Court accepts all factual allegations in the complaint as true and construes the pleadings in the light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

Green filed a unresponsive brief in response to Suntrust's motion to dismiss and did not file a brief in response to either MERS's or Fannie Mae's motions. As discussed by Judge Lynch, the Court construes Green's lack of response as an admission that those motions are well taken. *See* L.R. 7.1(d)(1)(B). However, Judge Lynch also addresses the merits of the Complaint in light of the motions to dismiss. The Court finds no clear error in Judge Lynch's recommendation to grant Defendants' motions to dismiss.

Based on the foregoing, IT IS ORDERED that the Findings and

3

Recommendation (Doc. 58) is ADOPTED IN FULL. Defendants' motions to dismiss (Docs. 10, 33, and 35) are GRANTED. Green's claims against Suntrust, Fannie Mae, and MERS are DISMISSED.

Dated this 3rd day of December, 2013.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court